UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION -- LONDON

| | |
|---|---|
| **JOHN T. GLOVER,** | **CIVIL ACTION NO. 6:16-CV-282-KKC** |
| Petitioner, | |
| V. | **OPINION AND ORDER** |
| **DON BOTTOM,** | |
| Warden. | |

This matter is before the Court on the petitioner John T. Glover's petition for habeas corpus relief under 28 U.S.C. §2254 (DE 4). After a jury trial, Glover was convicted in state court of murder, first-degree robbery, and first-degree arson. The court sentenced him to life in prison without the possibility of parole for 25 years.

In his petition for habeas relief, Glover asserted five constitutional violations in the state-court action (DE 4, Petition at 26-52.) The magistrate judge reviewed the petition and recommends (DE 17) that the Court dismiss the petition with prejudice and that the Court deny a certificate of appealability. Glover has filed objections (DE 20).

Glover objects to the magistrate judge's recommendation with regard to only his first and third grounds for relief. (DE 20, Objections at 1.) Both claims involve the testimony of Clifford Taylor, Glover's friend who testified against him at trial but later recanted his testimony.

With his first claim, Glover asserts that the prosecution's presentation of Taylor's testimony at trial – which he argues was perjurious —violated his due process rights. For his third claim for relief, Glover asserts that the manner by which the Kentucky courts adjudicated the significance of Taylor's recantation violated his due process rights.

As to the first claim, the magistrate judge determined there was no federal constitutional right to a trial without perjury. In his first objection to the magistrate judge's recommendation,

Glover asserts that there is such a right. (DE 20, Objections at 5-8.) The Court need not address this objection because the magistrate judge went on to find that, even if such a right existed, Glover had not made the showing necessary to disturb the state court's factual finding that Taylor did not commit perjury and that his recantation was not credible. Glover does not object to the magistrate judge's finding that this Court has no grounds to disturb this factual finding.

Glover's second objection involves his third claim for habeas relief: that the state court violated his due process rights in the way it evaluated the significance of Taylor's recantation. Glover argues that, in determining whether he was entitled to a new trial, the state court should have evaluated "whether the result of the trial probably [would have been] different had the jury been told at trial of Taylor's recantation." (DE 20, Objections at 10-11.) He argues the state court's failure to address that issue violated his due process rights.

In support of this argument, Glover cites Kentucky law holding that "[i]n order for newly discovered evidence to support a motion for new trial it must be 'of such decisive value or force that it would, with reasonable certainty, have changed the verdict or that it would probably change the result if a new trial should be granted.'" *Com. v. Harris*, 250 S.W.3d 637, 640–41 (Ky. 2008) (quoting *Jennings v. Commonwealth*, 380 S.W.2d 284, 285–86 (Ky.1964)). Glover argues that by failing to evaluate, as *Harris* instructs, whether there is a reasonable certainty Taylor's recantation would have changed the verdict at trial or would probably change the verdict if a new trial should be granted, the Kentucky courts violated his federal due process rights.

The Supreme Court has stated repeatedly, however, that "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id*. Thus, even if the Kentucky courts violated *Harris* in their evaluation of the Taylor recantation, that

2

alone would not entitle Glover to habeas relief. Instead, Glover must establish that the Kentucky courts violated his federal due process rights.

Citing *Evitts v. Lucey*, 469 U.S. 387 (1985), Glover argues that, when the Kentucky Supreme Court establishes a standard like it did in *Harris*, then it is a violation of federal due process rights when Kentucky courts fail to follow that standard. This is not correct. Such a failure on its own is simply a violation of state law.

In *Evitts*, the Supreme Court determined that, "[e]ven if a State has no constitutional obligation to grant criminal defendants a right to appeal, when it does establish appellate courts, the procedures employed by those courts must satisfy the Due Process Clause." *Ohio Adult Parole Auth. v. Woodard*, 523 U.S. 272, 292 (1998); *Evitts*, 469 U.S. at 400-01. "Similarly, if a State establishes postconviction proceedings, these proceedings must comport with due process." *Ohio Adult Parole Auth.*, 523 U.S. at 293.

Glover does not, however, attack Kentucky's postconviction procedures. He does not argue that those procedures do not comport with due process. Instead, he argues that the Kentucky courts failed to follow Kentucky common law in evaluating Taylor's recantation. The Court cannot grant habeas relief for any such failure.

Finally, in his objections, Glover argues that the magistrate judge applied the incorrect standard to his claim that the Kentucky Court of Appeals violated his constitutional rights when it determined that Taylor's recantation did not merit a new trial. The magistrate judge analyzed the claim under §2254(d), which prohibits the Court from granting habeas relief on any claim "*that was adjudicated on the merits* in State court proceedings unless the adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." 28 U.S.C. §2254(d)(1) (emphasis added). Glover argues that the magistrate judge should have reviewed the claim *de novo* because the state court did not decide on the merits his claim that

3

he was entitled to a new trial. "It is well settled that we may review *de novo* an exhausted federal claim that was not adjudicated on the merits in state court." *Rice v. White*, 660 F.3d 242, 252 (6th Cir. 2011). *See also Hill v. Mitchell*, 400 F.3d 308, 320 (6th Cir. 2005) ("Because the state court did not reach the merits of this federal claim, we review the claim *de novo*.") This applies, for example, where a state court did not address a claim on the merits because it found the claim to be procedurally improper.

There is no question here that the Kentucky state courts did address and deny on the merits Glover's claim that Taylor's recantation entitled him to a new trial. Glover first raised the claim in a post-conviction motion under Kentucky Rule of Criminal Procedure 60.02. In that motion, Glover submitted an affidavit from Taylor recanting his trial testimony. Taylor stated in the affidavit that he had committed the crimes all on his own and that that Glover was not involved. Taylor further stated that he testified against Glover at trial only because the state prosecutor threatened him with the death penalty if he did not do so.

The trial court denied the Rule 60.02 motion without a hearing, finding Taylor's recantation was not credible. *See Glover v. Commonwealth*, No. 2014-CA-000989-MR, 2016 WL 1178639, at *1 (Ky. Ct. App. Mar. 25, 2016). On appeal, the Kentucky Supreme Court remanded the matter to the trial court with directions to conduct an evidentiary hearing. *Id*. After conducting a hearing, the trial court again denied the motion. On appeal, the Kentucky Court of Appeals again remanded the matter to the trial court, finding that the trial court erred by allowing the state prosecutor to participate in the hearing as both counsel and witness. On remand, the parties agreed that conducting another evidentiary hearing was not necessary. *Id*. at *3. But they did present oral arguments in front of a new judge, who found that Taylor's recantation was not sufficiently reliable to overturn the jury's verdict. *Id*.

The Kentucky Court of Appeals affirmed that decision, noting that "Kentucky law has long disfavored recanted testimony and placed little credence upon it." *Id*. Under Kentucky law,

4

"[a]ffidavits in which witnesses recant their testimony are quite naturally regarded with great distrust and usually given very little weight." *Id.* (quoting *Hensley v. Com.*, 488 S.W.2d 338, 339 (Ky.1972)).

This is an adjudication on the merits.

Finally, Glover argues that the magistrate judge erred in denying him a certificate of appealability. The Court may issue such a certificate only where the petitioner makes a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). That showing requires that the petitioner demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller–El v. Cockrell*, 537 U.S. 322, 338 (2003). Glover provides the Court with no authority that would permit it to make this finding.

For all these reasons, the Court hereby ORDERS as follows:

1) the petition for a writ of habeas corpus (DE 4) is DENIED with prejudice;

2) the magistrate judge's recommended disposition is ADOPTED as the Court's opinion; and

3) the petitioner's objections (DE 20) are OVERRULED.

Dated January 16, 2019.

*Karen K. Caldwell*
KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY